1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9
ALFONSO BORJA, SR. and
10 AVELINA BORJA,
                                          NO. CIV. S-09-2393 LKK/GGH
11           Plaintiffs,

12      v.
                                                 O R D E R
13 COUNTRYWIDE HOME LOANS, INC.,
et al.,
14
             Defendants.
15
_____/
16

17      Plaintiffs bring claims against numerous defendants relating

18 to plaintiff's home loan.   On January 11, 2010, defendants

19 Countrywide Home Loans, Inc., and Recontrust Company, N.A., filed

20 a motion to dismiss, which was noticed for hearing for February 22,

21 2010.   (Dkt. No. 28).   Pursuant to Local Rule 230(c), plaintiffs

22 were obliged to file an opposition or statement of non-opposition

23 by February 8.   Plaintiffs failed to file either document.   On

24 March 2, the court issued an order continuing the hearing on the

25 motion to dismiss, ordering plaintiffs to file an opposition or

26 statement of non-opposition by March 15, and ordering plaintiffs'

                                    1

1  counsel to show cause by March 15 why sanctions should not issue

2  for failure to comply with the Local Rules, including dismissal

3  and/or $250.  (Dkt. No. 32).  This order cautioned plaintiffs'

4  counsel that the mere fact that counsel had chosen to represent

5  plaintiffs in a large number of similar cases was not good cause

6  for failing to comply with the local rules.

7      Plaintiffs filed a response to the order to show cause on

8  March 9.  (Dkt. No. 33).  This response contains no explanation as

9  to why plaintiffs failed to submit a timely opposition or statement

10 of non-opposition.  Moreover, the extended deadline for filing an

11 opposition or statement of non-opposition has passed, and

12 plaintiffs still have not filed a response to the pending motion.

13 Thus, plaintiffs have violated, and remain in violation of, the

14 Local Rules and this court's March 2 order.

15     The court may dismiss claims as a sanction for violation of

16 the Local Rules and court orders.  Local Rule 110, Ghazali v.

17 Moran, 46 F.3d 52, 53 (9th Cir. 1995).  While public policy favors

18 resolution of cases on the merits, Ghazali, 46 F.3d at 53,

19 plaintiffs have declined to offer any defense of the merits of

20 their claims, despite having two opportunities--and two months--to

21 do so.  Plaintiffs' actions have had the effect, if not the intent,

22 of needlessly drawing out this litigation and imposing costs upon

23 the defendants and the court.  Plaintiffs' blatant failure to

24 comply with the prior order in this case indicates that a lesser

25 sanction would be inadequate to ensure future diligence should this

26 case continue.  Finally, the court warned plaintiffs of the

1 possibility of dismissal in the March 2 order, and plaintiffs have

2 failed to show cause as to why dismissal is unwarranted.

3       The court notes that this is not the only case in which

4 plaintiffs' counsel, Sharon Lapin, has failed to comply with the

5 Local Rules and this court's orders.  See, e.g., Mensah v. GMAC

6 Mortgage, No. 2:09-cv-3196, Plaintiff's Response to Order to Show

7 Cause (E.D. Cal. Feb. 23, 2010).  The sanctions issued here are the

8 result of misconduct in this case and the failure to cure that

9 misconduct when offered an opportunity to do so.

10      For these reasons, the court ORDERS as follows:

11      1.   Plaintiffs' complaint is DISMISSED WITH PREJUDICE as a

12           sanction for plaintiff's failure to comply with Local

13           Rule 230(c) and this court's order of March 2, 2010.

14           Pursuant to Fed. R. Civ. P. 41(b), this dismissal shall

15           operate as an adjudication on the merits.

16      2.   Plaintiffs' counsel is SANCTIONED in the amount of two

17           hundred and fifty ($250.00) dollars for failure to

18           comply with Local Rule 230(c) and file an opposition or

19           statement of non-opposition by February 8, 2010.  This

20           sum shall be paid to the Clerk of the Court no later

21           than twenty-one (21) days from the date of this order.

22           Counsel shall file an affidavit accompanying the payment

23           of this sanction which states that it is paid personally

24           by counsel, out of personal funds, and is not and will

25           not be billed, directly or indirectly, to the client or

26           in any way made the responsibility of the client as

3

1          attorneys' fees or costs.

2     IT IS SO ORDERED.

3     DATED:  March 19, 2010.

4

5

6                                    _____
                                     LAWRENCE K. KARLTON
7                                    SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26